**MILLARD et al. v. MATTHEWS et al.**

No. 8849.

United States Court of Appeals
District of Columbia.

Argued March 13, 1945.

Decided May 14, 1945.

Mr. W. C. Sullivan, of Washington, D. C., for appellants.

Mr. Spencer Gordon, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

■ .This is an appeal from a judgment sustaining the will of a very eccentric elderly woman. The court properly submitted to the jury the question whether the testatrix had "sufficient mind and memory to know: (1) What property she owns in a general way; (2) the person or persons who would be the natural objects of her bounty and her relation towards them; (3) the business in which she was engaged when executing her will, and the contents thereof; (4) how she wishes to dispose of her property; and that the will carries out her wishes." The court rightly declined to instruct the jury that, even if the testatrix had "sufficient mentality to meet these requirements," the will would be invalid if "her wishes were the result of an unsound mind." The suggested instruction would have served only to confuse the jury. It would have informed them that a testator's mind might be at once "sufficient" and "unsound."

■ The court correctly ruled that there was no evidence of undue influence. No presumption of undue influence arises from the fact that a will is drawn and its execution is supervised by the lawyer named as executor. 2 Page on Wills, 3d ed., § 832.

■ The court correctly declined to charge the jury that if attesting witnesses do not inquire into all matters affecting the mental capacity of the maker of the will the jury may find that their testimony is of "no value at all." Such an instruction would have permitted the jury to find, in case the attesting witnesses made no inquiry, that their attestation was ineffective. This, of course, is not the law. The language is taken, out of context, from Thompson v. Smith, 70 App.D.C. 65, 69,

103 F.2d 936, 123 A.L.R. 76, where it carries no such implication. Its context there dealt with the question whether testimony to mental capacity, from an attesting witness, is invariably entitled to more weight than similar testimony from another witness.

█ The court permitted a lawyer whom the testatrix had once consulted to introduce, as bearing on her competence, a document which she handed him on that occasion. In the circumstances, there was probably no error and certainly no prejudice in the admission of this document.

Appellants' other contentions are also without merit.

Affirmed.